```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 08-61925-CIV-ZLOCH
```

SILVIA TERESA OSORIO,

      Plaintiff,

vs.                            **FINAL ORDER OF REMAND**

NORTH BROWARD HOSPITAL
DISTRICT CORPORATE
HEADQUARTERS, and MANOR OAKS,
INC.,

      Defendants.
_____/

      THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file and is otherwise fully advised in the premises.

      The above-styled cause was originally initiated in Florida state court. The cause was pending in Probate Court regarding the death of Plaintiff's mother. Motions were later filed in the Florida state Circuit Court in and for the Seventeenth Judicial Circuit, Broward County, Florida. Finding both venues unsatisfactory, Plaintiff filed a Notice Of Removal (DE 1) to this Court wherein she alleges that this action could properly be brought in federal court. Specifically, the Notice Of Removal alleges that the above-styled cause could be brought before this Court pursuant to its diversity jurisdiction. 28 U.S.C. § 1332 (2006).

      Section 1332 provides that where a complaint is founded on diversity of citizenship, a federal court may maintain jurisdiction over the action only "where the matter in controversy exceeds the

sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States."  The dictates of § 1332 keep the federal courts moored to the jurisdictional limits prescribed by Article III, Section 2 of the Constitution.  As Justice Stone stated in reference to § 1332 in <u>Healy v. Ratta</u>, 292 U.S. 263, 270 (1934), "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

Pursuant to 28 U.S.C. § 1447(c) (2006), this Court may, sua sponte, review this matter, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." <u>Id.</u>  Whether an action filed in state court may properly be removed to federal court is to be determined from the record at the time the notice of removal is filed.  <u>See</u> <u>Pullman Co. v. Jenkins</u>, 305 U.S. 534 (1939).

The party asserting diversity jurisdiction bears the burden of proof.  <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857-58 (9th Cir. 2001).  In a notice of removal, failure to allege complete diversity of citizenship is fatal to the Court's exercise of jurisdiction, and the Court is left with no recourse other than to remand the action to state court.  <u>Id.</u>

The requisite diversity of citizenship as to Plaintiff and Defendants is not apparent on the face of the Notice Of Removal (DE 1).  The Notice alleges only the following:

> [T]he matter amount in dispute exceeds the sum or value of fifteen thousand dollars ($15,000).

2

> That the said controversy is between citizens of The United States and the now named The Republic Bolivariana de Venezuela. That the defendant. That the Defendants, the hospital and the nursing home are managed in Broward County, Florida and still staying there.
>
> That your petitioner, is also a resident of the state of Florida uninterrupted since 1990, and has been a legal alien resident in the United States since 1975. And now a US Citizen since 1998.

DE 1, p. 2. The pleadings and other papers filed in state court and attached to the Notice of Removal likewise do not properly allege the citizenship of any Party.

Residency is not the equivalent of citizenship for diversity purposes. See 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3611 (2d ed. 1984 & Supp. 2007). Moreover, § 1332 requires that the parties be citizens of different states. Plaintiff's statement that she is a United States citizen is not sufficient to establish of which state she is a citizen. In addition, Plaintiff references several times that she intends to advocate for the rights of her deceased mother in this action. DE 1, pp. 2-3. In such a case, it is the citizenship of the deceased, not the litigant, that controls. 28 U.S.C. § 1332(c)(2). Plaintiff's late mother's citizenship is not apparent in the record.

The Court notes that the federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists.

3

United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see, e.g., 14C Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3733 (3d ed. 1998 & Supp. 2008). The Notice Of Removal and the state court filings lack proper allegations regarding the citizenship of all Parties, which is necessary to complete the requisite allegations for diversity. Therefore, the Court lacks jurisdiction over this cause.

In addition, the amount in controversy requirement is not satisfied. Section 1332 requires that the amount in controversy, exclusive of interest and costs, exceed $75,000. 28 U.S.C. § 1332(a). In the Notice of Removal, Plaintiff alleges that the amount in controversy in this action exceeds $15,000. DE 1, p. 2. Thus, for this reason also, the Court lacks subject matter jurisdiction over this action. 28 U.S.C. § 1332(a).

Finally, there is a procedural reason why this action cannot be brought before this Court in this posture. The right to remove is a right possessed by defendants. 28 U.S.C. § 1441(a). While a plaintiff has the right to choose her forum, she cannot elect to remove an action pending in state court to federal court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104-09 (1941) (holding that the predecessor to § 1441, 28 U.S.C. § 71, was intended to eliminate the plaintiff's removal right"). Therefore, Plaintiff is

4

barred from removing her own state court action, as no mechanism exists for her to do so.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **REMANDED** to state court;

2. The Clerk of the United States District Court for the Southern District of Florida be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. CACE 06002220-001; and

3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this     3rd      day of December, 2008.

　　　　　　　　　　　　　　　　　　／s／ William J. Zloch
　　　　　　　　　　　　　　　　　　WILLIAM J. ZLOCH
　　　　　　　　　　　　　　　　　　United States District Judge

Copies furnished:

All Counsel of Record

Silvia Teresa Osorio, pro se
934 Deerfield Beach
Pompano Beach, FL 33443

Clerk, Circuit Court
Broward County, Florida
Case No. CACE 06002220-001
(certified copy)

5